JEFFREY WILLIAMS *v.* COMMISSIONER OF
MOTOR VEHICLES
(AC 20898)

Lavery, C. J., and Flynn and Dupont, Js.

Submitted on briefs September 12—officially released November 27, 2001

*William W. Fisher, Jr.,* filed a brief for the appellant (plaintiff).

*Richard Blumenthal,* attorney general, and *Anthony Jannotta,* assistant attorney general, filed a brief for the appellee (defendant).

PER CURIAM. The plaintiff, Jeffrey Williams, appeals from the judgment of the trial court upholding the suspension of his operator's license for one year for operating a motor vehicle while under the influence of intoxicating liquor or drugs pursuant to General Statutes § 14-111c and General Statutes (Rev. to 1997) § 14-227a (h) (1) (C). On appeal, the plaintiff claims that (1) the court lacked subject matter jurisdiction over the case, (2) the suspension of his license for one year was improper and (3) the defendant commissioner of motor vehicles (commissioner) improperly applied Connecticut law. We affirm the judgment of the trial court.

The plaintiff was arrested in New Hampshire for, and subsequently pleaded guilty to, operating a motor vehicle in that state while under the influence of intoxicating liquor. Pursuant to the nationwide driver license compact (compact), which is codified in Connecticut in § 14-111c, officials in the state of New Hampshire notified the commissioner of the plaintiff's conviction. A hearing was held, and the commissioner suspended the plaintiff's license for one year pursuant to §§ 14-111c, art. IV (a),[1] and 14-227a (h) (1) (C).[2] Following the plaintiff's appeal, the court upheld the commissioner's

---

[1] General Statutes § 14-111c, art. IV (a), provides in relevant part: "The licensing authority in the home state, for the purposes of suspension . . . of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as it would if such conduct had occurred in the home state, in the case of convictions for . . .

"(2) Driving a motor vehicle while under the influence of intoxicating liquor . . . ."

[2] General Statutes (Rev. to 1997) § 14-227a (h) provides in relevant part: "Any person who violates any provision of subsection (a) of this section shall: (1) For conviction of a first violation . . . (C) have his motor vehicle operator's license . . . suspended for one year . . . ."

decision and dismissed the appeal. This appeal followed.

The plaintiff draws two conclusions from language in article IV (a) of the compact that the "licensing authority . . . shall give the same effect to the [driver's] conduct reported [from the foreign state] as it would if such conduct had occurred in [Connecticut] . . . ." General Statutes § 14-111c, art. IV (a). First, the plaintiff asserts that the statute confers exclusive jurisdiction on the department of motor vehicles. Second, he argues that the commissioner had the power to suspend his license only for ninety days, not one year.

The plaintiff's jurisdictional claim is groundless. Appeals from administrative agencies are governed by General Statutes § 4-183,[3] which provides for jurisdiction in the Superior Court. That was recognized by the plaintiff himself, who originally invoked the jurisdiction of the trial court by bringing his appeal to that court.

The plaintiff's argument that his license should be suspended for only ninety days also is without merit. Because General Statutes § 14-227b sets forth the administrative framework for handling cases involving the operation of a motor vehicle while under the influence of liquor or drugs, the plaintiff next claims that the commissioner had the power to suspend his license only for ninety days pursuant to that section.[4] He alleges that, instead, the commissioner improperly suspended

---

[3] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[4] General Statutes (Rev. to 1997) § 14-227b (h) provides in relevant part: "The commissioner shall suspend the operator's license . . . for a period of: (1) (A) Ninety days, if such person submitted to a test or analysis and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight . . . ."

his license for one year pursuant to § 14-227a, which sets forth the judicial framework.

That interpretation would be more convincing if it were not directly contrary to the law. General Statutes § 14-111d (c) (2) provides that § 14-227a, not § 14-227b, is comparable to article IV (a) (2) of the compact,[5] a point we have noted previously. See *Kostrzewski* v. *Commissioner of Motor Vehicles*, 52 Conn. App. 327, 344, 727 A.2d 233, cert. denied, 249 Conn. 910, 733 A.2d 227 (1999). As a result, we conclude that the commissioner properly applied Connecticut law in suspending the plaintiff's license for one year in accordance with § 14-227a (h) (1) (C) rather than for the ninety day period provided by § 14-227b (i).

The judgment is affirmed.

---

[5] General Statutes § 14-111d (c) (2) provides: "Section 14-227a, concerning operation of a motor vehicle while under the influence of intoxicating liquor or any drug or while impaired by intoxicating liquor, shall be comparable to article IV (a) (2) of section 14-111c . . . ."